IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAY SANDON COOPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: |
| | § | 3:05-CV-1778-N |
| DALLAS POLICE ASSOCIATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MOTION TO COMPEL POSTJUDGMENT DISCOVERY IN AID OF JUDGMENT AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Defendants, and file this their Motion to Compel Postjudgment Discovery in Aid of Judgment, and in support would respectfully show the following:

1.   Pursuant to FED. R. CIV. P. 69(a) and TEX. R. CIV. P. 621(a), Defendants initiated postjudgment discovery in the form of interrogatories, served on February 8, 2010, more than thirty (30) days ago. Since that time, Defendants have made efforts to initiate a response from Plaintiff, but Plaintiff has not complied with postjudgment discovery.

2.   In *F.D.I.C. v. LeGrand*, 43 F.3d 163, 31 Fed. R. Serv. 3d 1498 (5th Cir. 1995), the court states the rule that postjudgment discovery may be had either under the federal rules or the state rules of discovery. *See also Natural Gas Pipeline Co. of America v. Energy Gathering Inc.*, 2 F.3d 1397, 26 Fed. R. Serv. 3d 1312 (5th Cir. 1993) (judgment creditor may proceed under state of federal procedure).

3.   FED. R. CIV. P. 69(a) permits a party to obtain postjudgment discovery from the judgment debtor "in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." A judgment creditor thus has a choice of which method to use.

4.   TEX. R. CIV. P. 621(a) provides:

> At any time after rendition of judgment, and so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court and has not become dormant as provided by Article 3773, V.A.T.S., the successful party may, for the purpose

of obtaining information to aid in the enforcement of such judgment, initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pre-trial matters. Also, at any time after rendition of judgment, either party may, for the purpose of obtaining information relevant to motions allowed by Texas Rules of Appellate Procedure 47 and 49 initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pre-trial matters. The rules governing and related to such pre-trial discovery proceedings shall apply in like manner to discovery proceedings after judgment. The rights herein granted to the parties shall inure to their successors or assignees, in whole or in part. Judicial supervision of such discovery proceedings after judgment shall be the same as that provided by law or these rules for pre-trial discovery and proceedings insofar as applicable

5. TEX. R. CIV. P. 621(a) thus authorizes discovery in two specific circumstances. First, postjudgment discovery is authorized "for the purpose of obtaining information to aid in the enforcement of [a] judgment," but only "so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court and has not become dormant." Second, Rule 621(a) authorizes postjudgment discovery "for the purpose of obtaining information relevant to motions allowed by the Texas Rules of Appellate Procedure, Rule 24."

6. In addition, it is clear that the trial court may invoke sanctions for failure to engage in postjudgment discovery. *See Arndt v. Farris*, 633 S.W.2d 497 (Tex. 1982) (trail court had jurisdiction to enter sanctions order for failure to comply with postjudgment discovery requests).

7. Plaintiff, Jay Sandon Cooper, has lodged no objections to the discovery propounded, and any objections that might have been made are waived. A "party must state specifically the legal or factual basis for its objection to propounded discovery and the extent to which the party is refusing to comply with the request." TEX. R. CIV. P. 193.2(a). An objection that is not made within the time required by the discovery rules or by court order, or that is obscured by numerous unfounded objections, is waived unless the court excuses the waiver for good cause shown. TEX. R. CIV. P. 193.1, 193.2(e); *Reynolds v. Murphy*, 188 S.W.3d 252 (Tex. App.—Fort Worth 2006), cert. denied, 549 U.S. 1281, 127 S. Ct. 1839, 167 L. Ed. 2d 323 (2007).

8. TEX. R. CIV. P. 621(a) allows postjudgment discovery of the type sought here at anytime after judgment is rendered. The discovery may be relevant to the ultimate enforcement of the judgment or to the basis for proceeding under Rule of Appellate Procedure 24, which allows for injunctive relief. The current discovery request is relevant to the ultimate enforcement of the judgment. Any objections the Plaintiff may have are waived, and there is no justification for the Plaintiff's full refusal to engage in postjudgment discovery.

9. Defendants filed their Defendants' Interrogatories in Aid of Judgment with the court on February 8, 2010, and a true and correct copy was forwarded to Plaintiff via certified mail, return

receipt requested, also on February 8, 2010. A copy of the Court's Notice of Electronic Filing is attached as Exhibit A.

10. Plaintiff, Jay Sandon Cooper, has not answered the written discovery propounded to him, nor has he given Defendants any reason any reason for his refusal to answer. No motion for an extension of time or objection to any interrogatory has been filed as permitted by TEX. R. CIV. P. 168. Furthermore, on June 9, 2010, Defendants sent a reminder letter to the Plaintiff's last-known address via certified mail and regular mail. However, Plaintiff has not responded to this letter. A copy of the letter is attached as Exhibit B.

11. This postjudgment discovery is necessary for the enforcement of this court's judgment.

12. Defendants have incurred attorney fees in attempting to resolve this matter and in filing and prosecuting this motion to compel as a consequence of Plaintiff's wrongful failure to comply with Defendants' discovery request.

13. Plaintiff Jay Sandon Cooper should be ordered to pay Defendants the amount of $750.00 in reasonable attorney fees and sanctions for failure to engage in postjudgment discovery.

14. Plaintiff Jay Sandon Cooper should be ordered to provide responses to the written discovery propounded to him.

15. Defendants respectfully request the invocation of this Court's inherent power to enforce its own judgments, and to oversee the postjudgment collection process.

    Respectfully submitted,

    LYON, GORSKY, HARING & GILBERT, L.L.P.

    /s/ Bob Gorsky

    BOB GORSKY
    State Bar No. 08221200
    CHRISTOPHER LIVINGSTON
    State Bar No. 24007559
    3131 McKinney, Suite 100
    Dallas, Texas 75204
    Telephone:  214-965-0090
    Facsimile:  214-965-0097

    ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

On June 7, 2010, I attempted to confer with Plaintiff by telephone at his last known number, 972-516-3241; however, this number was no longer in service. On June 9, 2010, I conferred with Plaintiff by sending a letter to his last known address by certified mail, return receipt requested. I have received no reply from Plaintiff.

/s/ Bob Gorsky

BOB GORSKY
State Bar No. 08221200
CHRISTOPHER LIVINGSTON
State Bar No. 24007559
LYON, GORSKY, HARING & GILBERT, L.L.P.
3131 McKinney, Suite 100
Dallas, Texas 75204
Telephone:    214-965-0090
Facsimile:    214-965-0097

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

On August 27, 2010, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff, Mr. Jay Sandon Cooper, 1520 Janwood, Plano, Texas 75075 via certified mail return receipt requested on this the 27th day of August, 2010.

/s/ Bob Gorsky

BOB GORSKY
State Bar No. 08221200
CHRISTOPHER LIVINGSTON
State Bar No. 24007559
LYON, GORSKY, HARING & GILBERT, L.L.P.
3131 McKinney, Suite 100
Dallas, Texas 75204
Telephone:   214-965-0090
Facsimile:   214-965-0097

ATTORNEYS FOR DEFENDANTS

# EXHIBIT A

**Amy Stoermer**

**From:** ecf_txnd@txnd.uscourts.gov
**Sent:** Monday, February 08, 2010 9:04 AM
**To:** Courtmail@txnd.uscourts.gov
**Subject:** Activity in Case 3:05-cv-01778-N Cooper v. The Dallas Police Association et al Notice (Other)

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements

## U.S. District Court

### Northern District of Texas

**Notice of Electronic Filing**

The following transaction was entered by Gorsky, Bob on 2/8/2010 at 9:04 AM CST and filed on 2/8/2010
**Case Name:**     Cooper v. The Dallas Police Association et al
**Case Number:**   3:05-cv-1778
**Filer:**         Dallas Police Association
**WARNING: CASE CLOSED on 06/04/2007**
**Document Number:** 83

**Docket Text:**
**NOTICE *Certificate of Written Discovery* filed by Dallas Police Association (Gorsky, Bob)**


**3:05-cv-1778 Notice has been electronically mailed to:**

Bob Gorsky    bgorsky@lyongorsky.com, astoermer@lyongorsky.com, clivingston@lyongorsky.com, staylor@lyongorsky.com

Mark A Ticer    mticer@ticerlaw.com, ddavis@ticerlaw.com, rtafel@ticerlaw.com, thunt@ticerlaw.com

Sandi Pearson Fudge    sfudge@lyonlaw.com, dsmith@lyonlaw.com, pkuhns@lyonlaw.com

If you have not consented to receive electronic notice, or if you are no longer an active participant in this case and you want electronic noticing to be turned off so that you will stop

2/8/2010

receiving filing notices, click here, then click on "Ask a Question."
**3:05-cv-1778 Notice will be delivered by other means to:**

Jay Sandon Cooper
1520 Janwood Drive
Plano, TX 75075

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=2/8/2010] [FileNumber=4707390-0]
[8acabb531d300a25fa0fa5646c8893b4d3474593d12f5f84ec49fb9d789078ff24f8
dca29bf66029c627766529c90912407917c82e5b471cc43e7fd75643cf63]]

2/8/2010

# EXHIBIT B

LAW OFFICES
# LYON, GORSKY, HARING & GILBERT, L.L.P.

A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

3131 McKINNEY AVENUE

SUITE 100

DALLAS, TEXAS 75204

TELEPHONE: (214) 965-0090
FACSIMILE: (214) 965-0097
WEBSITE: www.lyongorsky.com
WEBSITE: www.lyongorskywills.com

ROBERT C. LYON, P.C.*
BOB GORSKY
JOHN A. HARING**
MARK W. GILBERT
CHRISTOPHER D. LIVINGSTON
JOHN SNIDER

*BOARD CERTIFIED
PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
**BOARD CERTIFIED
CRIMINAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

ROWLETT OFFICE:
3301 CENTURY DRIVE
SUITE A
ROWLETT, TEXAS 75008

DALLAS POLICE ASSOCIATION OFFICE:
1412 GRIFFIN STREET EAST
DALLAS, TEXAS 75215

June 9, 2010

Mr. Jay Sandon Cooper
1520 Janwood
Plano, Texas 75075

<u>Via CMRR & Regular U.S. Mail</u>

Re: Jay Sandon Cooper v. Dallas Police Association, *et al.*
Civil Action No.: 3:05-CV-1778-N

Dear Mr. Cooper:

This letter is to remind you that Defendants' Interrogatories in Aid of Judgment have not been answered.

Your response is now overdue, and unless you indicate that your answers will be provided immediately, I will file a Motion to Compel Discovery in Aid of Judgment with the court.

Sincerely,

Bob Gorsky

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .44 |
| Certified Fee | 2.80 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.54 |

Postmark Here

7006 0810 0000 9176 5316

Sent To: Mr. Jay Sandon Cooper
Street, Apt. No.; or PO Box No.: 1520 Janwood
City, State, ZIP+4: Plano, TX 75075

PS Form 3800, June 2002 — See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Jay Sandon Cooper
1520 Janwood
Plano, TX. 75075

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ___ M C ___  ☐ Agent  ☐ Addressee

B. Received by (Printed Name): Jay Cooper
C. Date of Delivery: 6/14/10

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☒ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☒ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7006 0810 0000 9176 5316

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAY SANDON COOPER, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO: 3:05-CV-1778-N |
| DALLAS POLICE ASSOCIATION, *et al.*, | § § | |
| Defendants. | § | |

## ORDER COMPELLING ANSWERS TO INTERROGATORIES IN AID OF JUDGMENT

1. On the _____ day of _____, 2010, a hearing was held on the motion of Defendants to compel Plaintiff to answer movants' written interrogatories in aid of judgment on file in this cause and served on Plaintiff.

2. The court finds that the interrogatories were served on Plaintiff in the time and in the manner prescribed by law. The court further finds that respondent has not answered movants' interrogatories within the time and in the manner required by the Texas Rules of Civil Procedure, and that he has not objected to the interrogatories or moved for an extension of time to answer them.

3. The court finds that the judgment creditor's motion to compel answers to interrogatories in aid of judgment should be **GRANTED**. The court further finds that Plaintiff's refusal to answer the interrogatories was without substantial justification. Accordingly, the court finds that movant is entitled to recover $_____ as reasonable attorney fees and sanctions for failure to engage in postjudgment discovery.

4. It is therefore **ORDERED**, adjudged, and decreed that Plaintiff Jay Sandon Cooper file with this Court on or before the _____ day of _____, 2010, at _____ o'clock, a complete, sworn set of written answers to movants' interrogatories in aid of judgment that were addressed to Plaintiff and served on February 8, 2010, and that he deliver to **BOB GORSKY**, movants' attorney of record, at 3131 McKinney Avenue, Suite 100, Dallas, Texas 75204, at complete copy of answers at the same time.

Signed on this the _____ day of _____, 2010.

_____
**PRESIDING JUDGE**

ORDER COMPELLING ANSWERS TO INTERROGATORIES IN AID OF JUDGMENT                    SOLO PAGE