IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAY SANDON COOPER, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:05-cv-1778-N |
| § | |
| DALLAS POLICE ASSOCIATION, § | |
| ET AL., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants' motion for sanctions [Dkt. No. 106], along with related filings [Dkt. Nos. 107. 108, and 109], and Plaintiff's Fed. R. Civ. P. 60(b) Motion [Dkt. No. 115] have been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) and orders of reference from the District Court. *See* Dkt. Nos. 110 & 118. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

On September 2, 2005, Plaintiff Jay Sandon Cooper, proceeding *pro se*, filed a complaint against Defendants Dallas Police Association and Glenn White for Title VII racial discrimination and retaliation. *See* Dkt. 1. The Court dismissed all of Plaintiff's claims on summary judgment, *see* Dkt. 68, and entered final judgment in favor of Defendants, *see* Dkt. No. 69. Plaintiff appealed from the final judgment to the United

States Court of Appeals for the Fifth Circuit, *see* Dkt. No. 73, and the Fifth Circuit affirmed this Court's judgment, *see* Dkt. No. 80.

On February 8, 2010, Defendants served Plaintiff with post-judgment interrogatories pursuant to Fed. R. Civ. P. 69(a) and Tex. R. Civ. P. 621(a) (the "Postjudgment Discovery") and, on the same day, filed a notice informing the Court that they had done so. *See* Dkt. No. 83. On August 27, 2010, Defendants filed a motion to compel Plaintiffs' responses to the Postjudgment Discovery. *See* Dkt. No. 84. Plaintiff never responded to Defendants' motion to compel, and the Court granted the motion on January 13, 2011 and ordered Plaintiff to answer the Postjudgment Discovery and pay reasonable attorneys' fees (the "1/13/2011 Order"). *See* Dkt. No. 85.

Instead of complying with the Court's order, Plaintiff (or his wife) filed three motions on February 10, 2011, including a motion to extend time [Dkt. No. 86], a motion for new trial [Dkt. No. 88], and a motion for a protective order [Dkt. No. 90]. After the motions were fully briefed, the Court denied all three motions and addressed Plaintiff's concern that the Order on the motion to compel did not specify which specific interrogatories Plaintiff was required to answer. The Court stated that "Cooper should answer *every* interrogatory." Dkt. No. 96 at 3.

Thus, as of August 4, 2011, the Court had twice ordered Plaintiff to respond to the Postjudgment Discovery. *See* Dkt. Nos. 85 & 96. Plaintiff then again moved for a new trial, *see* Dkt. No. 97, which the Court denied, *see* Dkt. No. 100. Plaintiff appealed the denials of his several motions to the Fifth Circuit, *see* Dkt. No. 101; the appeal was ultimately dismissed for want of prosecution, *see* Dkt. No. 105.

Plaintiff never complied with the 1/13/2011 Order compelling him to respond to Postjudgment Discovery and pay Defendants reasonable costs and attorneys' fees.

Defendants have filed the instant Motion for Sanctions against Plaintiff pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii) and the Court's inherent power based on Plaintiff's failure to comply with the 1/13/2011 Order [Dkt. No. 85] compelling Plaintiff to answer the Postjudgment Discovery and pay Defendant's $250.00 in reasonable attorneys' fees. *See* Dkt. No. 106. Defendants seek an order from the Court holding Plaintiff in contempt and requiring Plaintiff to pay the Court $200.00 per calendar day until Plaintiff complies with the 1/13/2011 Order and to pay Defendants' reasonable attorneys' fees and costs. *See* Dkt. No. 106 at 5.

Plaintiff filed a motion to strike the Motion for Sanctions. *See* Plaintiff's Motion to Strike Defendants' Motion for Sanctions and Brief in Support; and Subject Thereto Plaintiff's Motion to Extend Time (the "First Motion to Strike") [Dkt. No. 107]. Defendants filed a reply brief in support of their Motion for Sanctions and, in the same document, a response to Plaintiff's First Motion to Strike. *See* Dkt. No. 108. Plaintiff then filed a second motion to strike. *See* Plaintiff's Motion to Strike Defendant's Reply Brief in Support of their Motion for Sanctions and Response to Plaintiff's Motion to Strike Defendants' Motion for Sanctions and Motion to Extend Time; and Brief in Support (the "Second Motion to Strike") [Dkt. 109].

The undersigned issued a revised briefing schedule on the Motion for Sanctions and related filings and also ordered Defendants to serve Plaintiff with a duplicate copy of Defendants' Postjudgment Discovery and to file with the Court a certificate of

service that attached a copy of the Postjudgment Discovery. *See* Dkt. No. 113. In response, Defendants timely filed a certificate of service attaching a copy of the Postjudgment Discovery. *See* Dkt. No. 114.

Plaintiff then filed a Rule 60(b) Motion and Brief in Support [Dkt. No. 115], seeking relief from the 1/13/2011 Order compelling Plaintiff to answer Defendants' Postjudgment Discovery on the basis that the 1/13/2011 Order had been obtained by fraud. *See* Dkt. No. 115. Plaintiff also timely filed a response to the Motion for Sanctions. *See* Dkt. No. 117. Defendants timely filed a reply brief in support of their Motion for Sanctions and, in the same document, a response to Plaintiff's Rule 60(b) Motion. *See* Dkt. No. 120. The undersigned held a hearing on the Motion for Sanctions on March 1, 2013.

Because Plaintiff has willfully disobeyed – and continues to flout – the 1/13/2011 Order requiring Plaintiff to comply with Postjudgment Discovery, the undersigned determines that sanctions – and, specifically, a finding of civil contempt – against Plaintiff are appropriate under Rule 37(b)(2)(A)(vii). The undersigned will address Plaintiff's Rule 60(b) Motion, the Motions for Sanctions, and the two Motions to Strike in turn.

## Analysis

### Plaintiff's Rule 60(b) Motion

Rule 60(b) provides grounds for relief from a final judgment, order, or proceeding. FED. R. CIV. P. 60(b). Discovery orders typically do not constitute a final judgment, order, or proceeding. *See Piratello v. Philips Elecs. N. Am. Corp.*, 360 F.3d

506, 508-09 (5th Cir. 2004) (holding that post-judgment orders granting discovery, such as those relating to judgment debtors, are not considered final judgments and may be appealed only after the issuance of a contempt order for failure to comply); *Leverton v. Pope*, 100 F. App'x 263, 265 (5th Cir. 2004) (declining to address non-final orders and matters that do not fall under Rule 60(b)); *A-Mark Auction Galleries, Inc. v. Am. Numismatic Ass'n*, 233 F.3d 895, 897 (5th Cir. 2000) (holding that discovery orders do not constitute final decisions under 28 U.S.C. § 1291). *But see United States v. McWhirter*, 376 F.2d 102, 105 (5th Cir. 1967) (order denying motion to compel was a final judgment within the meaning of § 1291). In addition, Rule 60(b) should only be applied in "extraordinary circumstances." *B-F Investments v. F.D.I.C.*, 252 F.3d 434, 434 (5th Cir. 2001). The rule primarily applies in cases in which the "'true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence.'" *Swift Chem. Co. v. Usamex Fertilizers*, 490 F. Supp. 1343, 1350 (E.D.La.1980) (quoting *Fackelman v. Bell*, 564 F.2d 734, 735–36 (5th Cir. 1977)). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

In this case, the order from which Plaintiff seeks relief was entered on January 13, 2011, and Plaintiff filed his Rule 60(b) Motion on January 11, 2013. Plaintiff bases his grounds for relief on fraud, pursuant to Rule 60(b)(3). *See* Dkt. No. 115 at 1. Plaintiff's Rule 60(b) Motion was clearly made more than a year after entry of the

1/13/2011 Order. Therefore, Plaintiff's motion based on Rule 60(b)(3) is untimely and need not be considered. *Smith v. Kukua*, 487 F. App'x 145, 146 (5th Cir. 2012) (untimeliness alone is a sufficient reason to dismiss a motion brought under Rule 60(b)).

However, even if the 1/13/2011 Order was a final order from which the Court could grant relief pursuant to Rule 60(b), and even if Plaintiff's Rule 60(b) motion had been filed within the rule's time limits, there is no justification for granting Plaintiff's Rule 60(b) motion in this case. Plaintiff asserts that he is entitled to relief under Rule 60(b)(3) on two grounds: (1) Defendants were not entitled to file a motion to compel with regard to their Postjudgment Discovery because the interrogatories were brought under Rule 69 rather than Fed. R. Civ. P. 33 and (2) Defendants misled the Court to believe that the Postjudgment Discovery was brought under Rule 33. *See* Dkt. No. 115 at 1.

Plaintiff's first ground for relief is based on an incorrect premise. Rule 69 allows the judgment creditor to elect to conduct discovery either under the applicable state law or the Federal Rules of Civil Procedure. *See British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 594-95 (W.D. Tex. 2000). And a party may file, and a court may grant, a motion to compel discovery sought under Rule 69. *See McWhirter*, 376 F.2d at 106.

Plaintiff's second ground for relief is equally unavailing. Although Plaintiff is correct that Defendants did not attach the Postjudgment Discovery to their Motion to Compel, Defendants stated in the first paragraph of their motion of compel that the

discovery sought was "[p]ursuant to FED. R. CIV. P. 69(a) and TEX. R. CIV. P. 621(a)." Dkt. No. 84 at ¶ 1.

Because Plaintiff has failed to show that he is entitled to relief from the 1/13/2011 Order based on fraud, misrepresentation, or misconduct by an opposing party, as required by Rule 60(b)(3), the undersigned recommends that Plaintiff's Rule 60(b) Motion should be denied.

Defendants' Motion for Sanctions

*Legal Standards*

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), a court may treat as contempt of court a party's failure to obey an order to provide or permit discovery. *See* FED. R. CIV. P. 37(b)(2)(A)(vii). A party seeking an order of civil contempt must establish by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. *See Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999). A party commits contempt by violating a court's definite and specific order that requires him to perform or refrain from performing a particular act or acts with knowledge of the court's order. *See id.* Civil contempt is appropriate to either bring a party into compliance with the court order and/or to compensate the complaining party for losses sustained due to failure to comply. *See Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000). Sanctions available under Rule 37(b) are appropriate where there is willful disobedience or gross indifference but not

where failure to comply was outside the control of the party. *See Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970).

*Analysis*

Defendant has demonstrated by clear and convincing evidence that a court order was in effect, that the order required Plaintiff to respond to the Postjudgment Discovery and pay Defendant $250.00 in attorneys' fees within 28 days of the date of the order, and that Plaintiff failed to respond to the Postjudgment Discovery and to pay Defendant $250.00 in fees. Indeed, these facts were undisputed at the hearing. At the hearing, Plaintiff acknowledged that Defendant served him with the Postjudgment Discovery in February 2010, *see* Dkt. No. 124 at 41:3-14; that he had yet to respond to the Postjudgment Discovery, *see id.* at 42:3-7; and that he has never objected to the Postjudgment Discovery, *see id.* at 39:8-10.

The evidence at the hearing revealed that Plaintiff's failure to comply with the 1/13/2011 Order was the result of willful disobedience. Plaintiff explained his noncompliance at the hearing by testifying that he felt that the Postjudgment Discovery was highly objectionable in that Defendants served more than 25 interrogatories, the interrogatories called for Plaintiff's spouse's financial information, and the interrogatories were harassing and burdensome. *See* Dkt. No. 124 at 34:13-35:10. Plaintiff further testified that he believed the Court would notice that Defendants had failed to attach the interrogatories to their Motion to Compel and, on that basis, would deny the Motion to Compel. *See id.* at 35:10-37:15.

Plaintiff's excuses are insufficient to avoid civil contempt because Plaintiff impermissibly attempts to shift his burden to the Court. If Plaintiff had objections to the Postjudgment Discovery, he should have served those objections on Defendants. If Plaintiff was concerned that the Court see the number or breadth of interrogatories in Defendants' Postjudgment Discovery, he should have filed a response to Defendants' Motion to Compel and attached the Postjudgment Discovery as an exhibit. Instead, Plaintiff failed to object to a single interrogatory, *see* Dkt. No. 124 at 39:8-10, and failed to file a response to the Motion to Compel, *see id.* at 41:20-42:7.

Moreover, Plaintiff made a number of filings concerning the Postjudgment Discovery after the Court issued its 1/13/2011 Order. At the least, Plaintiff could have <u>then</u> filed a copy of Defendants' Postjudgment Discovery with any number of the numerous motions that he filed in 2010 and 2011. Yet, he failed to do so. Although the courts are traditionally lenient toward pro se litigants, at some point a litigant must help himself. *See Fujita v. United States*, 416 F. App'x 400, 402-03 (5th Cir. 2011).

Defendants have met their burden. But Plaintiff raises numerous arguments based on technicalities in an attempt to avoid sanctions. The undersigned will address each of these arguments in turn.

The undersigned has already addressed Plaintiff's first two arguments, which are repeated in Plaintiff's Rule 60(b) Motion. *See* Dkt. No. 117 at ¶¶ 1-2, 6; *supra* pp. 5-7.

As his third argument, Plaintiff asserts that the 1/13/2011 Order, "made without even seeing the Interrogatories at issue, is overly-broad and unenforceable even by a

civil sanction." Dkt. No. 117 at ¶ 3. This Court's local rules contemplate that a moving party will file the discovery requests at issue with a motion to compel. *See* N.D. TEX. L. CIV. R 5.2(c) ("(c) Filing Discovery Materials for Use in Discovery Proceedings. A motion that relates to a discovery proceeding must only contain the portions of the discovery materials in dispute."). But Plaintiff cites no authority for his argument that the Court cannot grant a motion to compel if the motion fails to attach the discovery at issue where the responding party requests no such relief, nor is the undersigned aware of any such authority. As already discussed at length, if Plaintiff wanted the Court to see the Postjudgment Discovery prior to the Court's ruling on the Motion to Compel, Plaintiff had plenty of opportunities to bring the Postjudgment Discovery to the Court's attention. Plaintiff failed to do so and cannot now blame the Court for Plaintiff's waiver.

Fourth, Plaintiff argues that the Motion for Sanctions does not contain a good faith certificate. Dkt. No. 117 at ¶¶ 4, 11. Plaintiff is correct that both a Motion to Compel and a Motion for Sanctions require a "certification that the movant has in good faith conferred or attempted to confer" FED. R. CIV. P. 37(a)(1), 37(d)(1)(B). But Defendants did attach a such a certification to both their Motion to Compel and Motion for Sanctions. *See* Dkt. No. 84 at 4; Dkt. No. 106 at 6.

Fifth, Plaintiff asserts that Defendants "have prevented any reasonable opportunity to respond to their abusive and harassing Interrogatories," because Defendants failed to promptly provide Plaintiff with an electronic version of the interrogatories. Dkt. No. 117 at ¶ 12. Plaintiff's argument lacks merit. By Plaintiff's

own admission, Defendants complied with the undersigned's order [Dkt. No. 113] to provide Plaintiff with another copy of the Postjudgment Discovery by December 28, 2012. *See* Dkt. No. 117 at ¶ 12. Defendants were under no obligation to provide Plaintiff with an electronic version of the Postjudgment Discovery, although Defendants did so a courtesy on Plaintiff's request – albeit not as promptly as Plaintiff would have liked.

Sixth, Plaintiff contends that "Defendants' conduct, which caused multiple post-judgment filings by Defendant, Plaintiff, and this Court is sanctionable, and Defendants and their Counsel should be sanctioned." Dkt. No. 117 at ¶ 7. Plaintiff cites no authority for his contention and is simply incorrect. Defendants' conduct – in moving the Court to compel Plaintiff to respond to the Postjudgment Discovery – is permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(1), 37(b)(2)(A)(vii).

Seventh, Plaintiff argues that, because he is not a witness under Fed. R. Civ. P. 30(b)(6) or 31(a)(4) and because the Court has not made an order under Fed. R. Civ. P. 26(f), 35, or 37(a), Rule 37(b)(2)(A)(viii) does not apply to him. Plaintiff ignores the plain language of the rule, which provides that sanctions may be awarded against "a <u>party</u> ... [who] fails to obey <u>an order to provide or permit discovery</u>." FED. R. CIV. P. 37(b)(2)(A) (emphasis added). Accordingly, Rule 37(b)(2)(A)(viii), on its face, applies to Plaintiff.

Eighth, Plaintiff argues that the 1/13/2011 Order was "not specific enough to require 'certain conduct' for this Court to find that Plaintiff failed to comply." Dkt. No.

117 at ¶ 13. The undersigned disagrees. The 1/13/2011 Order was specific enough for compliance. It required Plaintiff to "answer interrogatories under oath within twenty-eight (28) days of the date of this Order." Dkt. No. 85. On August 4, 2011, the Court <u>again</u> ordered Plaintiff to comply with the Postjudgment Discovery, stating that Plaintiff should "answer <u>every</u> interrogatory." Dkt. No. 96 at 3. Specificity and certainty were never lacking.

Finally, at the hearing, Plaintiff argued that the Court lacked the authority to order Plaintiff to respond to the Postjudgment Discovery because Defendants had served more than 25 interrogatories. Plaintiff is correct that Rule 33 permits only 25 interrogatories without an order of the court. *See* FED. R. CIV. P. 33. However, there is no such limit under Tex. R. Civ. P. 621a, under which Defendants proceeded and were permitted to proceed under Fed. R. Civ. P. 69(a)(2). *See* TEX. R. CIV. P. 190.6. In any event, the Court has twice ordered Plaintiff to respond to Defendants' interrogatories in their Postjudgment Discovery. *See* Dkt. Nos. 85 & 96. As such, while Plaintiff's argument, had he asserted it in objections to the Postjudgment Discovery or in response to the Motion to Compel, could conceivably have had some merit (although that is doubtful), Plaintiff's argument and objection now come far too late. Moreover, Plaintiff's failure for more than two years to respond to <u>any</u> interrogatories – for example, the first 25 subparts – extinguishes any sympathy the undersigned might otherwise have had for Plaintiff's position.

Because Defendants have met their burden in their Motion for Sanctions and Plaintiff has failed to put forth a meritorious argument to otherwise defeat that

-12-

motion, the undersigned recommends that Defendants' Motion for Sanctions should be granted.

## Motions to Strike

As a general matter, motions to strike are disfavored and disserve the interest of judicial economy. *See Murray v. TXU Corp.*, No. 3:03-cv-888-P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005); *United Steel, Paper and Forestry v. Graphic Packaging Int'l, Inc.*, No. 06-C-1188, 2007 WL 2288069, at *3 (E.D. Wis. Aug. 4, 2007).

In this case, Plaintiff filed two motions to strike in connection with Defendants' Motion for Sanctions. *See* Dkt. Nos. 107, 109. The First Motion to Strike seeks to have the Motion for Sanctions stricken because it fails to comply with certain requirements imposed by Fed. R. Civ. P. 11. *See* Dkt. No. 107 at ¶¶3-4. However, Defendant's Motion for Sanctions was not brought under Rule 11 but rather invokes Rule 37(b)(2)(A)(vii) and the Court's inherent power. Rule 37 does not require that a motion for sanctions be filed by an attorney who has previously appeared in the case – although, in any case, Defendants' attorney with whom Plaintiff takes issues (John Snider) has appeared – nor does Rule 37 require that a motion for sanctions be presented to the opposing party at least 21 days before it is filed with the Court. *See* FED. R. CIV. P. 37(b).

Plaintiff's First Motion to Strike lacks merit and should be denied.

Plaintiff's Second Motion to Strike [Dkt. No. 109] seeks to strike Defendants' reply brief in support of their Motion for Sanctions [Dkt. No. 108]. Plaintiff asserts that "[t]he latest filing by [Defendants] purports to be a 'Reply' when Plaintiff never filed

a 'Response' to reply to, so it must be stricken." Dkt. No. 109 at ¶ 2. The document that Plaintiff seeks to strike appears from its title to be both a reply brief in support of the motion for sanctions <u>and</u> a response to Plaintiff's motion to strike. *See* Dkt. No. 108. However, the substance of Dkt. No. 108 is addressed to Plaintiff's Motion to Strike. Though Dkt. No. 108 may be imprecisely titled, Plaintiff has offered no valid reason to strike its contents, and the undersigned would decline to do so.

Plaintiff also asserts that "[c]onfirmation of electronic filing (and docket number) was – again – not provided to this Pro Se/Non-attorney Plaintiff." Dkt. No. 109 at ¶ 1. While the undersigned is not entirely sure what Plaintiff means, the Court's records show that notice of Defendants' filing was delivered to Plaintiff's address. Moreover, as evidenced by Plaintiff filing his Second Motion to Strike, Plaintiff clearly received Defendants' filing and was able to respond to it.

Any other arguments in Plaintiff's Second Motion to Strike assert mere technicalities or basic misreadings of Defendants' filings that do not warrant a motion to strike. *See* Dkt. No. 109 at ¶¶ 3-4. Specifically, Plaintiff incorrectly interprets Defendants' reply as a new motion because the reply notes that – through the motion in support of which the reply is filed – "Defendants move for sanctions." *See id.* at ¶ 3. That statement, of course, does not transform a reply in support of a motion into a new, separate motion. And Plaintiff frivolously suggests that, because he believes Defendants' reply is both a motion (again, due solely to the "Defendants move for sanctions" language in the document's introduction) and a response to his motion to strike, the Court should strike Defendants' filing. *See id.* at ¶ 4.

Plaintiff's Second Motion to Strike otherwise repeats the meritless arguments already urged in Plaintiff's First Motion to Strike. *See id.* at ¶¶ 5-7.

Plaintiff's Second Motion to Strike should be denied.

### Amount of Sanction

Defendants request that the Court find Plaintiff to be in contempt of court and, beginning on the date of the order granting Defendants' Motion for Sanctions, order Plaintiff to pay the Court $200.00 per day until Plaintiff complies with the 1/13/2011 Order by responding to the Postjudgment Discovery under oath and by paying Defendant $250.00 in attorneys' fees for the Motion to Compel. Defendants also request that the Court order Plaintiff to pay Defendants' reasonable attorneys' fees in prosecuting the Motion for Sanctions. *See* Dkt. 106 at 5.

Plaintiff asserted at the hearing that he is indigent and cannot afford to pay the fees and costs that Defendants seek. Dkt. No. 124 at 39:18-40:8. Plaintiff is a *pro se* litigant. It appears that he did not move for *in forma pauperis* ("IFP") status during his prosecution of this action at the trial level. His application to proceed IFP on appeal was denied because the Court found that the appeal was not taken in good faith. *See* Dkt. No. 104.

*Per Diem Fine*

In selecting the appropriate contempt sanction, "a court is obliged to use the least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276 (1990). If and when the Court sets a prospective per diem fine to coerce compliance with an order, the Court should consider the following factors before setting

the fine amount: (1) the harm from noncompliance; (2) the sanction's probable effectiveness; (3) the contemnor's financial resources and the burden the sanctions may impose; and (4) the contemnor's willfulness in disregarding the Court's order. *See Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (affirming prospective per diem fine of $500.00 payable to court until contemnor produced certain documents). A coercive fine may be imposed so long as the contemnor "is afforded an opportunity to purge," that is, a "subsequent opportunity to reduce or avoid the fine through compliance." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994).

In arriving at a proper per diem fine, the undersigned must consider the four factors discussed above. First, with regard to Plaintiff's harm from noncompliance, it is clear that his continued refusal to respond to the Postjudgment Discovery has effectively prevented Defendants from determining a method – if any – by which to satisfy their judgment against Plaintiff. Second, as to a sanction's probable effectiveness, a robust per diem fine that can be avoided through compliance may prompt Plaintiff to comply with the 1/13/2011 Order. As to the third factor, based on Plaintiff's testimony at the hearing, the undersigned finds that Plaintiff's resources are limited and that a lesser amount than that sought by Defendants may be more reasonable in prompting compliance. Fourth, the undersigned finds that Plaintiff's noncompliance with the 1/13/2011 Order for more than two years is willful and without excuse.

Accordingly, the undersigned finds that a $25.00 per diem fine is appropriate until Plaintiff proves that he is in compliance with the 1/13/2011 order but that Plaintiff should have 14 days from the date of the Court's order adopting this recommendation in which to comply before this per diem fine begins to accrue.

*Attorneys' Fees*

A determination of reasonable attorneys' fees involves a two-step procedure. The Court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers and then multiply the reasonable hours by the reasonable hourly rates. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995). The party seeking reimbursement of attorneys' fees has the burden of establishing the number of hours worked and can only meet that burden by presenting evidence that is adequate for the Court to determine what hours should be included in the reimbursement. *See id.* at 324. To determine reasonable rates, the Court considers the attorney's regular rates as well as prevailing rates. *See id.* at 328. "When the requested rate of compensation exceeds the attorney's usual charge but remains within the customary range in the community, the district court should consider whether the requested rate is reasonable." *Id.*

The Fifth Circuit has made clear that a party's financial situation does not exempt it from appropriate sanctions when required. *See Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986). Although reluctant to impose monetary sanctions against an IFP litigant, the Fifth Circuit has noted that indigency alone "does not

-17-

make an award of expenses unjust" and has affirmed sanctions on IFP litigants where appropriate. *Id.*

In this case, Defendants' counsel offered evidence, in the form of testimony at the hearing, as to the hours expended. Defendants request only time billed by Mr. Snider, an associate attorney. Mr. Snider testified as to his billing records, which included time corresponding with Plaintiff, reviewing Plaintiff's filings (including Plaintiff's response to the Motion for Sanctions, Plaintiff's Rule 60(b) Motion, and the First and Second Motions to Strike), reviewing the undersigned's orders related to the Motion for Sanctions, performing research, and preparing for the March 1, 2013 hearing. In total, Mr. Snider expended 15.5 hours subsequent to filing the Motion for Sanctions.[1]

Plaintiff cross-examined Mr. Snider as to the number of hours expended. Plaintiff's sole argument regarding the number of hours was the fact that Mr. Snider included in his request for attorneys' fees his time spent reviewing and responding to Plaintiff's Rule 60(b) Motion and Plaintiff's First and Second Motions to Strike.

The undersigned finds that the number of hours expended by Mr. Snider was reasonable. Defendants' counsel has not asked for any duplication in time spent or fees for any partner's time. Plaintiff's Rule 60(b) Motion and First and Second Motions to Strike were collateral attacks on Defendants' Motion for Sanctions, and it was

---

[1] At the hearing, Mr. Snider testified that the total number of hours expended, not including attendance at the March 1, 2013 hearing, was 14.4 hours. This appears to be a mathematical error.

reasonable for Mr. Snider to include his time expended on those motions in his request for attorneys' fees for the Motion for Sanctions.

With regard to Defendants' hourly rates, Plaintiff demonstrated at the hearing that Defendants' counsel regularly bills the Dallas Police Association less than $250.00 per hour. While Mr. Snider could not testify to the exact rate, he acknowledged that he thought the rate was "somewhere around" $150.00 per hour, although he was "guessing." Dkt. No. 124 at 29:13-19. Nevertheless, the "actual amount paid in fees is not dispositive on the question of reasonable rates." *Kellstrom*, 50 F.3d at 328. However, in this case, Defendants did not provide the Court with any evidence to assist it in determining a reasonable rate. As such, the undersigned finds $150.00 per hour to be a reasonable rate.

Defendants' counsel expended a total of 3 hours preparing the Motion for Sanctions, 15.5 hours subsequent to the filing of the Motion for Sanctions, including preparation for the hearing, and another 1.2 hours attending the hearing, for a total of 19.7 hours. At a reasonable rate of $150.00 per hour, Defendants are entitled to $2,955.00 in reasonable attorneys' fees.

**Recommendation**

The Court should grant Defendants' Motion for Sanctions [Dkt. No. 106] and deny Plaintiff's Rule 60(b) Motion [Dkt. No. 115], First Motion to Strike [Dkt. No. 107], and Second Motion to Strike [Dkt. No. 109]. The Court should award Defendants $2,955.00 in reasonable attorneys' fees and should impose a per diem fine of $25.00 on Plaintiff until he complies with the 1/13/2011 Order, if Plaintiff does not come into

compliance within 14 days from the date of any order by the Court adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 5, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE