IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAY SANDON COOPER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:05-cv-1778-N |
| § | |
| DALLAS POLICE ASSOCIATION, § | |
| ET AL., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Jay Sandon Cooper has filed a Notice of Bankruptcy; Motion to Alter or Amend Judgment; Amend or Make Additional Findings; and Stay Proceedings to Execute or Enforce Judgment. *See* Dkt. No. 130 (Plaintiff's "Omnibus Motion"). Plaintiff's Omnibus Motion has been referred to the undersigned magistrate judge for findings, conclusions, and recommendation pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. *See* Dkt. No. 131. As set forth below, the undersigned recommends that Plaintiff's Omnibus Motion be denied in its entirety.

**Background**

The procedural history of this case is lengthy and was recited in depth in the undersigned's Findings, Conclusions, and Recommendation on Defendants' Motion for Sanctions and related filings, which were adopted in full by Judge Godbey. *See* Dkt. Nos. 125 & 128. A complete repetition of this procedural history is not necessary to resolve Plaintiff's Omnibus Motion, and so the undersigned with provide only a brief

summary.

On September 2, 2005, Plaintiff Jay Sandon Cooper, proceeding *pro se*, filed a complaint against Defendants Dallas Police Association and Glenn White for Title VII racial discrimination and retaliation. *See* Dkt. 1. The Court dismissed all of Plaintiff's claims on summary judgment, *see* Dkt. 68, and entered final judgment in favor of Defendants, *see* Dkt. No. 69. Plaintiff appealed from the final judgment to the United States Court of Appeals for the Fifth Circuit, *see* Dkt. No. 73, and the Court of Appeals affirmed this Court's judgment, *see* Dkt. No. 80.

On February 8, 2010, Defendants served Plaintiff with post-judgment interrogatories pursuant to Fed. R. Civ. P. 69(a) and Tex. R. Civ. P. 621(a) (the "Postjudgment Discovery") and, on the same day, filed a notice informing the Court that they had done so. *See* Dkt. No. 83. On August 27, 2010, Defendants filed a motion to compel Plaintiff's responses to the Postjudgment Discovery. *See* Dkt. No. 84. Plaintiff never responded to Defendants' motion to compel, and the Court granted the motion on January 13, 2011 and ordered Plaintiff to answer the Postjudgment Discovery and pay reasonable attorneys' fees. *See* Dkt. No. 85 (the "1/13/2011 Order").

After numerous further filings, primarily by Plaintiff, Defendants filed their Motion for Sanctions against Plaintiff pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii) and the Court's inherent power based on Plaintiff's failure to comply with the 1/13/2011 Order compelling Plaintiff to answer the Postjudgment Discovery and pay Defendant's $250.00 in reasonable attorneys' fees. *See* Dkt. No. 106.

After numerous additional filings, the undersigned held a hearing on

Defendant's Motion for Sanctions and related issues and ultimately issued his Findings, Conclusions, and Recommendations recommending that Defendant's Motion for Sanctions be granted and that Plaintiff be held in contempt of court. *See* Dkt. No. 125. Specifically, the undersigned recommended that the District Court award Defendants $2,955.00 in reasonable attorneys' fees and impose a per diem fine of $25.00 on Plaintiff until he complies with the 1/13/2011 Order. *See id.* Judge Godbey accepted the Findings, Conclusions, and Recommendation, *see* Dkt. No. 128, and entered judgment on April 26, 2013, granting Defendants' Motion for Sanctions and ordering Plaintiff to comply with the 1/13/2011 Order requiring Plaintiff to answer Defendants' Postjudgment Discovery and pay Defendants $250.00 in costs within 14 days of the date of the judgment, *see* Dkt. No. 129. The judgment imposed a per diem fine of $25.00 if Plaintiff failed to comply. *See id.* Nothing in the record indicates that Plaintiff has complied with the judgment.

Plaintiff now gives notice to the Court of his bankruptcy and moves the Court to alter or amend judgment, to amend or make additional findings, and to stay the proceedings to execute or enforce the judgment. *See* Dkt. No. 130.

The undersigned first considers Plaintiff's motion to stay the proceedings in light of his bankruptcy filing and/or pursuant to Fed. R. Civ. P. 62(b)(2) & (3).

**I. Plaintiff's Motion to Stay Proceedings**

Legal Standards

The Bankruptcy Code provides, as a general rule, that, when a party declares Chapter 11 bankruptcy, an automatic stay is imposed on any other pending or future

actions against the party. *See* 11 U.S.C. § 362(a). However, the Bankruptcy Code provides for certain exceptions. The exception relevant to this case allows

> the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

11 U.S.C. § 362(b)(4). The purpose of the exception to the stay is to ensure that "debtors do not use a declaration of bankruptcy to avoid the consequences of their actions that threaten the public interest." *In re Halo Wireless*, 684 F.3d 581, 588 (5th Cir. 2012). The Fifth Circuit (in an unpublished decision) and several other circuit courts have specifically determined that a district court's sanctions order falls within the governmental unit exception. *See Sabre Group, Inc. v. European Am. Travel, Inc.*, 192 F.3d 126, 1999 WL 683863, at *2 (5th Cir. 1999) (holding that district court's sanctions order pursuant to FED. R. CIV. P. 16(f) was exempt from the automatic stay). In addition, the Fifth Circuit in both *Sabre* and *Halo Wireless* cites with approval to similar decisions by the Ninth and Seventh Circuits. *See Halo Wireless*, 684 F.3d at 591 (citing *Alpern v. Lieb*, 11 F.3d 689 (7th Cir. 1993) (holding a proceeding to impose sanctions under Fed. R. Civ. P. 11 was exempt from the automatic stay); *In re Berg*, 230 F.3d 1165 (9th Cir. 2000) (holding that an award of attorneys' fees imposed as a sanction for unprofessional conduct was exempted from the automatic stay)); *Sabre*, 1999 WL 683863, at *2 (same).

Analysis

While the sanctions at issue in *Sabre* were issued pursuant to Rule 16(f), the Fifth Circuit analogized to the cases cited above in which Rule 11 and Fed. R. App. P. 38 were at issue because all of these rules "are parts of a larger effort to insure compliance with court orders." *Sabre*, 1999 WL 683863, at *2 n.6. In this case, the sanctions were issued pursuant to FED. R. CIV. P. 37 and the court's inherent powers, and, as reflected in the undersigned's Findings, Conclusions and Recommendation [Dkt. No. 125] and the ensuing judgment [Dkt. No. 129], the purpose of the sanctions and contempt holding were to enforce Plaintiff's compliance with a prior order of this Court. As such, the judgment falls into the Section 362(b)(4) governmental unit exception, and therefore the protection of the automatic stay does not apply to the District Court's sanctions and contempt order.

Plaintiff also moves for a stay of proceedings pending disposition of the Omnibus Motion pursuant to Fed. R. Civ. P. 62(b)(2) & (3). The undersigned recommends that Plaintiff's motion for a stay pursuant to Rule 62(b)(2) & (3) be denied as moot.

## II. Plaintiff's Motion to Alter or Amend Judgment and Motion to Amend or Make Additional Findings

Legal Standards

Plaintiff moves the court to amend or make additional findings pursuant to Fed. R. Civ. P. 52(b) and to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).

A motion for reconsideration under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 478 (5th Cir.

2004) (internal citations omitted). A Rule 59(e) motion merely serves to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Rule 59(e) may also provide a means for a party to bring an intervening change in the controlling law to the Court's attention. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003). Rule 59(e) relief is an extraordinary remedy and should be used sparingly. *See Templet*, 367 F.3d at 479.

Rule 52(a) requires a court in a trial without a jury to "find the facts specially and state separately its conclusions of law thereon." FED. R. CIV. P. 52(a). The Fifth Circuit has held that Rule 52(a) applies to a contempt hearing. *See Sanders v. Monsanto Co.*, 574 F.2d 198, 200 (5th Cir. 1978). Rule 52(a) does not require that the district court set out findings on all factual questions that arise in a case. *See Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1053-54 (5th Cir. 1997). Rather, "the district court is expected to provide a clear understanding of the analytical process by which ultimate findings of material facts were reached." *Ice Embassy, Inc. v. City of Houston*, No. H-97-1096, 2007 WL 963983, at *2 (S.D. Tex. Mar. 29, 2007). Rule 52(b) permits a court, on motion filed "no later than 28 days after the entry of judgment," to amend its findings or make additional findings. FED. R. CIV. P. 52(b). Rule 52(b)'s purpose is, generally, to correct manifest errors of law or fact. *See Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). A motion to amend should <u>not</u> be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits. *See id.* To prevail on a Rule 52(b) motion to amend, the moving party must show that

the Court's findings of fact or conclusions of law are not supported by evidence in the record. *See id.*

## Analysis

**Motion to Alter or Amend Judgment**

Plaintiff does not satisfy the applicable standards for relief under Rule 59(e). Rule 59(e) requires a showing that the Court's prior decision was in error. Plaintiff, rather than pointing to manifest errors of law or findings that are not supported by the record, merely repeats arguments that he previously raised in his multiple filings related to Defendant's Motion for Sanctions and raises new arguments that he could have raised when opposing the Motion for Sanctions.

Plaintiff re-urges the following arguments:

- Defendants' discovery was not sought under Fed. R. Civ. P. 33, therefore Defendants were not entitled to file a motion to compel, nor were they entitled to enforcement of an improvidently granted order granting their Motion to Compel, including by contempt;

- This Court granted Defendants' Motion to Compel without ever having seen Defendants' discovery requests that numbered close to 900 interrogatories;

- State law interests conflict with federal interests, and in this case the state discovery rules, if any, permitting more than 25 interrogatories conflict with Federal Rules of Civil Procedure that limit the number of interrogatories except upon leave of court first granted, and Defendants

> sought no leave; and
>
> • The order granting Defendant's Motion to Compel was neither definite or specific as to which interrogatories Plaintiff was required by the Court to answer, nor could it be because the Court had never even seen the interrogatories.

However, Plaintiff offers no new authority or rationale to support the arguments that he made in his filings opposing Defendants' Motion for Sanctions. Therefore, repetition of these arguments cannot persuade the Court to alter or amend the determinations made on these exact issues in the Findings, Conclusions, and Recommendation that the undersigned entered on Defendant's Motion for Sanctions, and that Judge Godbey adopted. Based on the same authority and for the same reasons stated in the Findings, Conclusions, and Recommendations on Defendant's Motion for Sanctions, the undersigned recommends rejecting the above arguments as a basis to alter or amend judgment. *See* Dkt. No. 125 at 2, 6, 9-12.

Plaintiff also makes three new arguments. First, Plaintiff asserts that, because the underlying case sought relief for violations of Title VII, attorneys' fees are neither authorized nor condoned. Plaintiff's argument misses the mark. Although Plaintiff is correct that the fee provisions of the civil rights laws are sensitive to antidiscrimination policy and have been construed to treat plaintiffs and defendants somewhat differently, this disparate treatment is limited to the provisions governing prevailing parties in civil rights cases and is irrelevant to discovery sanctions under Fed. R. Civ. P. 37 and the court's inherent powers. *See Roadway Express, Inc. v. Piper*,

447 U.S. 752, 762-64 (1980) (holding that attorneys' fees could be awarded to defendant in a civil rights case as sanctions under Rule 37 for failure to comply with discovery); *Paskauskiene v. Alcor Petrolab, L.L.P.*, ___ F. App'x ___, 2013 WL 2897896, at *4 (5th Cir. June 14, 2013) (affirming award of attorneys' fees as discovery sanctions against plaintiff in Title VII case). Plaintiff's new argument therefore does not reveal a manifest error of law requiring any alteration or amendment to the judgment.

Next, Plaintiff asserts that the "Court's Order establishing penalties incurring from the date of judgment, instead of the date of final judgment after appeals, denies Plaintiff of due process or unlawfully subjects Plaintiff to penalties for exercising his due process Constitutional rights to appeal." Dkt. No. 130 at 2 of 3. Plaintiff is simply incorrect that the Court had an obligation to, *sua sponte*, delay penalties incurring from the date of judgment instead of the date of final judgment after appeals. Rather, under Fed. R. Civ. P. 62(a), "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry." To stay a judgment longer than 14 days, the party resisting judgment <u>may</u> obtain a stay pending appeal by supersedeas bond upon or after filing a notice of appeal. *See* FED. R. CIV. P. 62(d). The stay takes effect when the Court approves the bond. *See id*. In this case, Plaintiff has neither filed a notice of appeal nor a supersedeas bond; he is therefore not entitled to delay the execution of judgment, let alone demand that no penalties incur until after he appeals the judgment. Moreover, the Federal Rules assume that the judgment entered by the district court will provide for penalties incurring from the date of the judgment and allow post-judgment interest payable from

the date on which the district court's judgment was entered when the Court of Appeals affirms the district court's judgment. *See* FED. R. APP. P. 37(a). As such, Plaintiff's argument lacks merit and does not reveal any error in the judgment entered by the District Court.

Finally, Plaintiff argues that Judge Godbey should have recused himself for bias because he "improvidently granted Defendants' motion to compel without ever having seen the ridiculous number of interrogatories" propounded by Defendants. Dkt. No. 130 at 2 of 3. The recusal of a judge based on a motion such as Plaintiff has filed is governed by 28 U.S.C. § 455. This statute provides that "[a]ny ... judge ... of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statue also lists five specific grounds that require recusal. *See id.* § 455(b). Other than the general Section 455(a) "impartiality might reasonably be questioned" ground for recusal, the only ground even remotely implicated by Plaintiff's motion is the provision requiring recusal where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of the disputed evidentiary facts concerning the proceeding." *Id.* § 455(b)(1). However, the United States Court of Appeals for the Fifth Circuit has held that any allegations of bias must be based on an extrajudicial foundation. *See Henderson v. Dep't of Pub. Safety and Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990); *see also United States v. Clark,* 605 F.2d 939, 942 (5th Cir. 1979). And "adverse rulings in a case are not an adequate basis for demanding recusal." *United States v. MMR Corp.,* 954 F.2d 1040, 1045 (5th Cir. 1992) (citing cases). Further, the imposition of sanctions is a judicial act and not

a proper basis for recusal. *See United States v. Rhodes*, 332 F. Supp. 2d 965, 970 (N.D. Tex. 2004). Plaintiff has failed to show any factual basis or submit any evidence to support his accusations of bias and prejudice. Therefore, Plaintiff's challenge to the judgment on the basis that Judge Godbey should have recused himself lacks merit.

**Motion to Amend or Make Additional Findings**

Pursuant to Rule 52(b), Plaintiff "requests that this Court amend its findings and conclusions to conform to the law or to specifically state that there is no authority for this Court's decision, but it is blazing a new path for the country to follow." Dkt. No. 130 at 2 of 3. As an initial matter, Plaintiff's request is not the sort of relief contemplated by Rule 52(b). *See Ice Embassy*, 2007 WL 963983, at *2 (a Rule 52(b) motion should not be used to relitigate old issues or to urge new theories but requires a showing that the Court's "findings of fact or conclusions of law are not supported by evidence in the record"). Plaintiff merely re-urges previously rejected legal arguments or brings up new legal theories that could have been raised in his opposition to Defendants' Motion for Sanctions. As discussed above, the judgment entered by the District Court rests upon sound authority, which is cited at length in the Findings, Conclusions, and Recommendation on Defendants' Motion for Sanctions. Plaintiff has simply chosen to ignore the previously cited authority, and his motion to amend or make additional findings should be denied.

**Recommendation**

Plaintiff's Notice of Bankruptcy; Motion to Alter or Amend Judgment; Amend or Make Additional Findings; and Stay Proceedings to Execute or Enforce Judgment

[Dkt. No. 130] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 2, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE